**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-332-TPB-AEP

YOELI A. CONTRERAS SALAS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "OPPOSED MOTION FOR
SENTENCE REDUCTION UNDER AMENDMENT 821"**

This matter is before the Court on Defendant Yoeli A. Contreras Salas's "Opposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on September 30, 2024. (Doc. 126). On October 21, 2024, the Government filed a response in opposition. (Doc. 128). After reviewing the motion, response, case file, and the record, the Court finds as follows:

In May 2021, Defendant pleaded guilty to conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Docs. 51; 57; 60). At sentencing, the Court found his total offense level was 33 and his criminal history category was I, resulting in a guidelines range of 135 to 168 months' imprisonment. (Doc. 104). The Court granted the United States' motion for a two-level substantial assistance departure under section 5K1.1. (Docs. 84; 85; 104). The Court also granted Defendant's request for a downward variance under

18 U.S.C. § 3553(a).  (Docs. 85; 86; 8; 104).  The Court then sentenced Defendant to 84 months imprisonment.

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines for offenders that meet certain criteria, including the absence of a criminal history point.  In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction.  (Doc. 121).  The Office of the Federal Defender then moved to reduce his sentence proportionately to the low end of the revised advisory guidelines.

The Government, however, argues that Defendant is not eligible for the requested relief.  The Government contends that the Court is prohibited from applying a comparable variance because this is a mixed-departure case.  Because Defendant's current 84-month sentence is already below the low end of Defendant's amended guideline range, including a comparable substantial assistance departure, the Government asserts that the Court lack authority to further reduce his sentence.  A review of the relevant statutes, sentencing guidelines, and case law reflects that the Government's position is well-taken.  The Court is unable to reduce Defendant's current 84-month sentence to less than the minimum of the amended guideline range, which is 87 to 108 months.

Furthermore, even if Defendant were eligible, the Court would exercise its

discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory, not mandatory. *Id*.; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a). Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines. The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced in proportion to the recent changes.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same sentence today that it originally imposed. To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence. Consequently, the motion

is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of November, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE